IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-A, Mortgage-Backed Certificates, Series 2005-A <br><br> Plaintiff, <br><br> v. <br><br> Cyrus A. Ariaban, Shelby McRae, Randy McRae and 8012 Wingate Dr., LLC, <br><br> Defendants. | Civil Action No. |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-A, Mortgage-Backed Certificates, Series 2005-A ("HSBC"), by and through its undersigned counsel, and files this Petition for Declaratory Judgment, showing the Court as follows:

### PARTIES

1. Plaintiff HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-A, Mortgage-Backed Certificates, Series 2005-A ("HSBC") was the Trustee of a mortgage loan on real property located at 8012 Wingate Drive, Glenn Dale, Maryland 20769 ("Property"). Upon foreclosure of that mortgage loan, HSBC purchased the Property at the foreclosure sale. HSBC is not a resident of Maryland.

2. Defendant Cyrus A. Ariaban ("Ariaban") is a resident of the State of Virginia and may be served with service of process at 7926 Jones Branch Drive, #325, McClean, Virginia 22102. Ariaban is a member of the 8012 Wingate Dr., LLC. Ariaban, as an individual, entered

into a contract to lease and sell the Property to Defendants Shelby and Randy McRae. This contract was the subject of Civil Action No. 8:13-cv-03622-RWT in the United States District Court for the District of Maryland.

3. 8012 Wingate Dr., LLC. ("LLC") is a limited liability corporation registered to do business in the State of Maryland with a principal office in Montgomery County, Maryland. It may be served through its registered agent, Ying Quin Lucy Lu, at 10640 Campus Way So., #110, Largo, Maryland 20774. The LLC claims ownership of the Property.

4. Shelby and Randy McRae ("McRaes") are residents of the State of Maryland. They may be served with service of process at their residence, 8012 Wingate Drive, Glenn Dale, Prince George's County, Maryland 20769. They claim ownership of the Property.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1332, diversity of citizenship. Jurisdiction over supplemental claims is conferred by 28 U.S.C. § 1367.

6. The market value and purchase price of the Property each far exceed $75,000.00. Thus, the amount in controversy requirement is met.

7. Venue is proper in this District under 28 U.S.C. § 1391 because the claims arose in the State of Maryland and the Property at issue is located in the State of Maryland.

## STATEMENT OF FACTS

8. On November 19, 2004, a prior owner of real property located at 8012 Wingate Drive, Glenn Dale, Maryland ("Property") entered into a mortgage loan agreement with Fremont Investment & Loan ("Mortgage Loan"). HSBC is the ultimate assignee to Fremont's interest in the Property and rights under the Mortgage Loan documents. Upon the prior owner's default on

the Mortgage Loan, the Property was foreclosed upon. HSBC was the highest bidder at the foreclosure sale, and, thus, retained an ownership interest in the property.

9. On April 5, 2012, Yong Hua Chen ("Chen") entered into a purchase and sale agreement to purchase the Property ("Purchase"). Chen is a member of the 8012 Wingate Drive, LLC. ("LLC").

10. On May 14, 2012, an addendum purportedly executed by Chen changed the name of the purchaser from Chen to "8012 Wingate Drive, LLC". Chen stated, through his attorney, that the addendum issued on May 14, 2012 was neither signed nor authorized by him and was a forgery.

11. On May 18, 2012, the McRaes and Ariaban entered into a contract for Ariaban, as an individual, to sell the Property to the McRaes. At the time this contract was executed, HSBC, and not Ariaban, owned the Property.

12. On May 23, 2012, the closing date for the Purchase was rescheduled by another addendum for May 29, 2012. Correspondingly, the purchase and sale agreement was set to expire on May 29, 2012.

13. On May 31, 2012, Ariaban conveyed the purchase price of the Property to the title agent. Ariaban is a member of the LLC.

14. On June 13, 2012, a deed conveying the Property to Chen was recorded by the title agency.

15. On June 26, 2012, Ariaban, as an individual, entered into a Residential Deed of Lease with the McRaes in which Ariaban agreed to lease the Property to the McRaes. At the time the Lease was executed, Chen held title to the Property.

16. Chen, through his attorney, challenged the legitimacy of the sale to the LLC claiming, *inter alia*, fraud.

17. Chen subsequently relinquished title to the Property and issued two quitclaim deeds to HSBC. One deed vests title in HSBC. One deed vests title in the LLC. Neither deed has been recorded and both are in the possession of HSBC's legal counsel.

18. Ariaban has threatened to sue HSBC over title to the Property, and, at one point, hired lawyers to engage in legal discussions with HSBC.

19. On December 2, 2013, the McRaes filed a complaint against Ariaban in the United States District Court for the District of Maryland seeking to obtain ownership of the Property. *See* Civil Action Case No. 8:13-cv-03622-RWT.

20. On January 29, 2014, the District Court for the District of Maryland issued an order directing Ariaban to "take all steps necessary to have title placed in his name so that he can properly transfer the property to [the McRaes]."

21. Ariaban has asserted to HSBC that the Property should have been conveyed from HSBC to the LLC, rather than to Chen. Simultaneously, Ariaban, though his representations of authority and ownership in the agreements with the McRaes, claims an <u>individual</u> interest in the Property.

22. The McRaes seek to enforce their lease and sale agreements with Ariaban and claim title to the Property.

23. HSBC does not claim a current ownership interest in the Property. HSBC wants to convey title to the legal, proper owner, whoever that may be.

24. Due to the circumstances and allegations described above, there are significant questions as to which person or entity is the proper titleholder of the Property. HSBC wishes to

convey title to the Property to the legal and proper owner, but does not wish to expose itself to subsequent litigation by the various parties referenced above.

25. Thus, HSBC seeks a declaratory judgment from this Court determining which person or entity is the proper owner of the Property.

## COUNT ONE - DECLARATORY JUDGMENT

26. HSBC incorporates all allegations and information contained in the paragraphs above as if fully set forth herein.

27. Ariaban claims an ownership interest in the Property by representing that he, as an individual, had the authority to lease and sell the Property. He has also been ordered by the District Court for the District of Maryland to place title in his name.

28. The LLC claims the Property should have been conveyed from HSBC to the LLC and seeks title to the Property.

29. The McRaes claim they properly purchased the Property from Ariaban, and claim title to the Property.

30. The ownership of the Property is in dispute, and, accordingly, an actual controversy exists between the parties. This controversy is sufficiently immediate and real to warrant a declaration identifying the proper and legal interest holder and title holder to the Property.

31. Antagonistic claims are also present among the parties, as more than one party claims title to the Property.

32. Litigation is imminent and inevitable as lawyers have been hired and one suit has already been filed.

33. Due to this actual controversy and antagonistic claims described above, HSBC wishes a declaratory judgment to settle and afford relief from uncertainty and insecurity with respect to the legal and proper titleholder to the Property.

34. This declaration will relieve HSBC from the uncertainty, insecurity, and controversy surrounding the title to the Property. This declaration will also clarify and settle the legal relations in issue.

WHEREFORE, HSBC requests the following:

(a) The Court review the pleadings, documents and evidence in this matter and identify the proper and legal title holder to the Property;

(b) The Court issue an Order of Declaratory Judgment directing HSBC to convey title to the proper and legal title holder; and

(e) That the Court award HSBC such other and further relief as the Court deems just and proper.

This 6th day of March, 2014.

                                        Respectfully submitted,

                                        _____
                                        Christopher M. Corchiarino (Bar No. 27844)
                                        Goodell DeVries Leech & Dann, LLP
                                        One South Street, 20th Floor
                                        Baltimore, Maryland 21202
                                        Telephone: (410) 783-4038
                                        Facsimile: (410) 783-4040
                                        cxc@gdldlaw.com

                                        *Counsel for HSBC Bank USA, N.A., as Trustee*

4839-4660-8409, v. 1